UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN H. ARNOLD,<br><br>          Plaintiff,<br>vs.<br><br>ROYAL BANK OF CANADA TRUST COMPANY (CAYMAN) LIMITED; and DOES ONE through FORTY, inclusive,<br><br>          Defendant. | CASE NO. 13-cv-3171-H (RBB)<br><br>**ORDER VACATING CLERK'S ENTRY OF DEFAULT** |

On December 27, 2013, Plaintiff Stephen Arnold ("Plaintiff") filed a complaint against Defendant Royal Bank of Canada Trust Company (Cayman) Limited ("Defendant" or "RBC Cayman"). (Doc. No. 1.) On February 25, 2014, Plaintiff filed a request for entry of Clerk's default against Defendant. (Doc. No. 5.) On March 4, 2014, the Clerk entered default against Defendant. (Doc. No. 6.) On March 14, 2014, the Court issued an order to show cause why the Clerk's entry of default should not be vacated due to inadequate proof of proper service of process. (Doc. No. 7.)

On March 27, 2014, Plaintiff filed a first amended complaint. (Doc. No. 11.) On April 10, 2014, Plaintiff filed a response to the Court's order to show cause, stating that Plaintiff intended to re-serve Defendant RBC Cayman, but also contending that service on RBC Cayman in Ontario, Canada was proper. (Doc. No. 13.)

///

<u>**Discussion**</u>

**I.   Federal Rules of Civil Procedure for Serving a Corporation Outside Any Judicial District of the United States**

Federal Rules of Civil Procedure 4(h)(2) and 4(f) set forth the process for serving a foreign corporation outside the judicial districts of the United States. A plaintiff may serve a litigant who is not present within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1); <u>see generally</u> Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention").

Plaintiff asserts that service "is being made on [RBC Cayman] according to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents pursuant to FRCP Rule 4(h)(2)." (Doc. No. 13 at 1-2.) Plaintiff asserts that he initiated the process of serving RBC Cayman according to the Hague Convention on March 25, 2014. (<u>See</u> Doc. No. 13 at 4.)

**II.  The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents**

"[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 705 (1988). "[T]he Cayman Islands is a territory of the United Kingdom, and as such, it is considered to be a signatory to the Hague Convention." <u>Mapping Your Future, Inc. v. Mapping Your Future Servs., Ltd.</u>, 266 F.R.D. 305, 307 (D.S.D. 2009) (citing <u>Universal Trading & Inv. Co. v. Kiritchenko</u>, No. C-99-3073 MMC, 2007 WL 295548, at *2 (N.D. Cal. Jan. 30, 2007)).

As the district court in <u>Universal Trading</u> summarized:
> Service pursuant to the Hague Convention may be effected by forwarding the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with a form Request

1
2
3
4
5
6
      For Service containing, inter alia, a form Summary of the Documents to be Served. See Hague Convention arts. 2-5. Once the Central Authority has served a document, it is required to 'complete a certificate' stating that 'the document has been served and . . . the method, the place and the date of service and the person to whom the document was delivered.' See id art. 6. The Hague Convention expressly provides that '[w]here a . . . summons . . . had to be transmitted abroad for the purpose of service, under the provisions of the [Hague] Convention, and the defendant has not appeared, judgment shall not be given unless it is established that . . . the service or delivery was effected in sufficient time to enable the defendant to defend.' See Hague Convention art. 15.

Universal Trading, 2007 WL 295548, at *2 (N.D. Cal. Jan. 30, 2007) (refusing to enter default judgment because the plaintiff had not provided adequate certification from the Central Authority of the Cayman Islands that service of process was accomplished). The Central Authority for the Cayman Islands is the "Clerk of the Courts, Grand Cayman, Cayman Islands." United Kingdom - Other Authorities (Art. 18), Hague Conference on Private International Law (HCCH) (Jan. 12, 2012), http://www.hcch.net/index_en.php?act=authorities.details&aid=681; see also Universal Trading, 2007 WL 299548, at *2 n.2 (discussing a certificate issued by "the Bailiff of the Grand Court of the Cayman Islands on behalf of the Clerk of the Courts of the Cayman Islands . . . .")

      Plaintiff has not submitted any documentation to show that he has received a certificate of service from the Clerk of the Courts in the Cayman Islands. Because Plaintiff cannot demonstrate adequate proof that service has been accomplished on RBC Cayman, the Court must vacate without prejudice the Clerk's entry of default. Volkswagenwerk, 486 U.S. at 705; Universal Trading, 2007 WL 299548, at *4.

      In the alternative, Plaintiff asserts that RBC Cayman is "a wholly owned subsidiary of ROYAL BANK OF CANADA," (FAC at 1), and therefore that service on RBC Cayman at "200 Bay Street, South Tower, Toronto, Ontario, Candada M5J2J5 can be shown to be proper." (Doc. No. 13 at 3.) Plaintiff provides no documentation to support the assertion that RBC Cayman is in fact a wholly owned subsidiary of the Royal Bank of Canada, nor cites any law for the proposition that service upon a parent corporation excuses the requirement to effect service upon a subsidiary under the

Hague Convention. Cf. Fleming v. Yamaha Corp., USA, 774 F. Supp. 992, 994 (W.D. Va. 1991) ([I]f a corporation and its wholly-owned subsidiary maintain separate corporate identities, 'though perhaps merely formal,' service on the subsidiary is not valid service on its parent, despite the identity of interests between the parent and its subsidiary and despite control by the parent over the subsidiary's operations.") (citing Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 336-37 (1925)).

### Conclusion

For the foregoing reasons, the Court vacates without prejudice the Clerk's entry of default as to Defendant Royal Bank of Canada Trust Company (Cayman) Limited. (Doc. No. 6.)

**IT IS SO ORDERED**

Dated: May 8, 2014

_____
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record